UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**LINDSEY GARRISON, as Parent and**
Natural Guardian of H.G., a minor,

      Plaintiff,

  v.                                        Case No.: 2:21-cv-131-SPC-MRM

**THE UNITED STATES OF AMERICA**

      **Defendant.**
_____/

**AMENDED COMPLAINT FOR MEDICAL NEGLIGENCE
UNDER THE FEDERAL TORT CLAIMS ACT**

The Plaintiff, Lindsey Garrison, as Parent and Natural Guardian of H.G., a minor, by and through her undersigned counsel, hereby files this Complaint against Defendant, The United States of America, and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is an action against Defendant, The United States of America, under the Federal Tort Claims Act, 28 U.S.C. §2671, et seq. and 28 U.S.C. §1346(b)(1) for negligence in connection with medical care provided to H.G. by Family Health Centers of Southwest Florida, Inc. (hereinafter "Family Health Centers"), a Federally Supported Health Center. As outlined below, Family Health Centers falls under the Federal Tort Claims Act.

2. The claims herein are brought against The United States of America pursuant to the Federally Supported Health Centers Assistance Act of 1992, Public Law No. 102-501, 42 U.S.C. §233(g)(k), and the amended Federally Supported Health Centers Assistance Act of 1995, Public Law No. 104-73, 42 201, which provide that the Federal Tort Claims Act,

1

28 U.S.C. §1346(b), 2401(b) and 2671-80, is the exclusive remedy for injuries caused by employees of a deemed community Health Center.

3. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

4. This suit has been timely filed. Plaintiff timely served notice of her claim upon the United States Department of Justice less than two (2) years after the incident forming the basis of this suit, see Form 95 attached hereto as Exhibit "A."

5. Plaintiff files this Complaint pursuant to 28 U.S.C. §2401(b) since she did not receive an official denial from the United States Department of Justice after waiting more than six (6) months after serving notice upon the United States Department of Justice.

6. At all times material hereto, Lindsey Garrison was a resident of Lee County, Florida. Accordingly, the proper venue for this action is the Federal Middle District of Florida.

7. Lindsey Garrison is the Parent and Natural Guardian of H.G., a minor.

8. At all times material hereto, Family Health Centers was deemed a community health center and was conducting business in Lee County, Florida by providing medical care and treatment to the public, including H.G.

9. At all times material hereto, Family Health Centers held itself out to the public as a health care provider having the facilities, staff and trained personnel to treat patients such as H.G.

10. At all times material hereto, Phillip C. Mote, MD (hereinafter "Dr. Mote") was employed by Family Health Centers, a Federally Supported Health Center and therefore, also falls under the Federal Tort Claims Act.

11. At all times material hereto, The United States of America, through its deemed facility

2

and its respective employee, owed a duty to H.G. to perform medical and technical tasks in conformity with the prevailing professional standard of care for similar health care providers in light of all the relevant surrounding circumstances.

12. At all times material hereto, Family Health Centers, through its respective employee, owed a duty to H.G. to perform medical and technical tasks in conformity with the prevailing professional standard of care for similar health care providers in light of all the relevant surrounding circumstances.

13. At all times material hereto, Dr. Mote provided medical care and treatment to H.G. in Lee County, Florida, as more fully described below.

14. Venue is proper under 28 U.S.C. §1402(b) in that all acts or omissions forming the basis of these claims occurred in Lee County, Florida, in the Middle District of Florida.

## FACTUAL ALLEGATIONS

15. On August 6, 2018, H.G., while under the medical care and treatment of Dr. Mote, underwent a cryotherapy procedure by Dr. Mote at Family Health Centers.

## NEGLIGENCE AGAINST THE UNITED STATES OF AMERICA

16. The Plaintiff repeats and realleges her allegations in paragraphs 1 through 15 as if fully set forth herein.

17. At all times material hereto, Defendant, The United States of America, by and through its deemed facility, Family Health Centers, and its employees, including, but not limited to, Dr. Mote, had a duty to provide proper medical care to H.G. in accordance with the accepted prevailing standard of care in Lee County, Florida, or any other similar medical community.

18. Notwithstanding these duties undertaken, Defendant, The United States of America,

through its deemed facility, Family Health Centers, and its employees, did or failed to do one or more of the following acts, any or all of which would be departures from the acceptable prevailing professional standard of care in Lee County, Florida, or any other similar medical community:

a. Failure to properly perform the August 6, 2018 cryotherapy procedure on H.G. causing a deep burn, scarring and disfigurement.

b. Failure to provide that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar healthcare providers.

c. Failure to exercise reasonable care under all the surrounding circumstances.

19. As a direct and proximate result of the aforementioned negligence of Defendant, The United States of America, H.G. suffered bodily injury and resulting pain and suffering, scarring, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and expenses of medical care and treatment. The losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future. These damages are estimated to be $200,000.00.

**WHEREFORE**, the Plaintiff, Lindsey Garrison, as Parent and Natural Guardian of H.G., a minor, demands judgment against the Defendant, The United States of America, for the damages listed above, the cost of this action and any other and further relief available under the Federal Tort Claims Act or deemed appropriate by this Court.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable as a matter of right.

_____
Rita M. Jackman, Esquire
Florida Bar #107180
Powell, Jackman, Stevens & Ricciardi, P.A.
12381 S. Cleveland Avenue, Suite 200
Fort Myers, Florida 33907
(239) 689-1096 Phone
(239) 791-8132 Facsimile
rjackman@your-advocates.org
ngargano@your-advocates.org