# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

LINDSEY GARRISON, as Parent
and Natural Guardian of H.G.

       Plaintiff,

v.                                            Case No: 2:21-cv-131-SPC-MRM

THE UNITED STATES OF
AMERICA,

       Defendant.
_____/

## **ORDER**[1]

    Before the Court is Plaintiff Lindsey Garrison's Motion to Extend Time for Service of Complaint. (Doc. 11). Plaintiff sued the United States under the Federal Tort Claims Act in February 2021. (Doc. 4). When over ninety days lapsed without Plaintiff serving the operative pleading, the Court issued an order to show cause on why this action should not be dismissed. (Doc. 10). In response, Plaintiff explains that she has been unable to serve the United States Department of Justice ("DOJ") in Washington, D.C. by personal service

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

because the building has been closed to the public. (Doc. 11). Plaintiff thus asks for forty-five more days to complete service.

Federal Rule of Civil Procedure 4(m) governs the time limits for service. And it gives the court two options if a plaintiff does not serve a defendant within 90 days after filing the complaint: (1) dismiss the action without prejudice; or (2) order that service be made within a specific time. Fed. R. Civ. P. 4(m). But neither option is available if the plaintiff shows good cause for failing to serve. *Id.* In that scenario, the court must extend the time for service.

Plaintiff offers little explanation on good cause. As best the Court can tell, Plaintiff argues good cause exists because the COVID-19 pandemic has closed the DOJ's headquarters making personal service impossible. But Plaintiff misses the mark. Federal Rule of Civil Procedure 4(i) outlines the procedure for serving the United States, and personal service on the DOJ headquarters is not mentioned. Plaintiff is represented by counsel, and her attorney's apparent misreading of Rule 4(i)'s plain language does not constitute good cause under the facts here. *See generally United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012) (stating "attorney error based on a misunderstanding or misinterpretation of the law generally cannot constitute excusable neglect"). Without more explanation from Plaintiff, there is no good cause to bind the Court to extend the time for service.

However, the Court will still exercise its discretion to give Plaintiff more time to serve the Amended Complaint. The Court does so, in an abundance of caution, to avoid any potential statute of limitations problem Plaintiff could face if the Court dismisses this action.

Accordingly, it is now

**ORDERED:**

Plaintiff Lindsey Garrison's Motion to Extend Time for Service of Complaint (Doc. 11) is **GRANTED in part and DENIED in part**.

1. The Court grants the motion as much as Plaintiff has until on or before **July 7, 2021**, to serve the operative pleading per the Federal Rules of Civil Procedure.

2. The motion is denied in all other respects.

**DONE** and **ORDERED** in Fort Myers, Florida on June 23, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record